IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
(SHERMAN DIVISION)

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-40426 |
| CFO MANAGEMENT | § | |
| HOLDINGS LLC,[1] | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| DAVID WALLACE, LIQUIDATION | § | |
| TRUSTEE FOR THE CFO | § | |
| MANAGEMENT HOLDINGS | § | |
| LIQUIDATION TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 21-04019 |
| | § | |
| TBG FUNDING, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO TBG FUNDING LLC'S
MOTION TO DEEM ADMISSIONS ADMITTED**

**COMES NOW**, the Plaintiff, David Wallace, Liquidation Trustee for the CFO Management Holdings Liquidation Trust (the "Plaintiff" or "Trustee"), and files this, his *Response to TBG Funding LLC's Motion to Deem Admissions Admitted* (the "Response") in the above-

---

[1] The following entities' bankruptcy cases and estates have been substantively consolidated with that of Debtor CFO Management Holdings, LLC (EIN# XX-XXX6987) for all purposes (see Docket No. 248): Carter Family Office, LLC (Case No. 19-40432); Christian Custom Homes, LLC (Case No. 19-40431); Double Droptine Ranch, LLC (Case No 19-40429); Frisco Wade Crossing Development Partners, LLC (Case No. 19-40427); Kingswood Development Partners, LLC (Case No. 19-40434); McKinney Executive Suites at Crescent Parc Development Partners, LLC (Case No. 19-40428); North-Forty Development LLC (Case No. 19-40430); and West Main Station Development, LLC (Case No. 19-40433).  On the effective date of the confirmed plan in this case [Docket No. 659], the CFO Management Holdings Liquidation Trust was formed and the Debtor was deemed dissolved.  The following mailing address can be used for the CFO Management Holdings Liquidation Trust with respect to these cases: c/o David Wallace, Liquidation Trustee, 4131 North Central Expressway, Suite 775, Dallas, Texas 75204.

PLAINTIFF'S RESPONSE TO TBG FUNDING LLC'S                                                                                                                1
MOTION TO DEEM ADMISSIONS ADMITTED

captioned adversary proceeding (the "Adversary"), and, for such, would respectfully show the Court as follows:

## I. BACKGROUND

### A. General Background

1. On February 17, 2019 (the "Petition Date"), CFO Management Holdings, LLC and certain of its affiliates (as subsequently consolidated, the "Debtor") commenced bankruptcy cases (consolidated under Case No. 19-40426, the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Court").

2. On April 4, 2019, the Court ordered that a Chapter 11 trustee be appointed in the Bankruptcy Case. The Plaintiff was appointed as Chapter 11 Trustee by the U.S. Trustee, which was approved by the Court later the same month.

3. On January 13, 2021, the Court entered an order confirming the Plan. *See* Docket Nos. 659 and 663 in the Bankruptcy Case.

4. The effective date of the Plan took place on March 31, 2021 (the "Effective Date"), at which time the Plaintiff changed roles in the Bankruptcy Case from Chapter 11 Trustee to Liquidation Trustee.

### B. Adversary Background

5. On February 17, 2021, the Trustee commenced the Adversary against TBG, in which the Trustee seeks the avoidance of certain transfers made by the Debtor and TBG prior to the Bankruptcy Case.

6. On July 31, 2021, the Court entered a scheduling order [Docket No. 28], providing for a discovery deadline of April 15, 2022 and a trial scheduling conference in June 2022.

7. On August 23, 2021, parties participated in mediation with mediator Eric J. Haber of Law Office of Eric Haber, PLLC. At the end of the mediation sessions that day, counsel for TBG explained that they would like time to review issues brought up by the Trustee during the mediation, and the mediation was put on "pause" while that took place. During that day of mediation and previously, Trustee's counsel communicated that the Trustee would be bringing in counsel to handle the case on a contingency basis should the case not settle at mediation.

8. The following provides a timeline of the TBG communications that followed during the open mediation period:

- September 1st – TBG's counsel communicated with Trustee's counsel its understanding that the "mediation has been kept open" and that they would be following up with a response communication by September 10, 2021.

- September 9th – Trustee's counsel received communication from Alfred Laya, one of TBG's attorneys, had been ill and would now be aiming to provide such communication by September 17, 2021.

- September 17th – No such communication was received.

- September 22nd – Trustee's counsel reached out regarding the status of that communication. TBG's counsel's response was that it would probably be "another day or so."

- September 24th – TBG circulated its Second Supplemental Mediation Statement.

- September 27th – TBG sent requests for documents, interrogatories, and admissions to Trustee's counsel (the "Discovery Requests").

- September 28th – Trustee's counsel informed TBG that the matter would be transitioned to other counsel, as previously discussed at mediation.

- October 1st – Trustee's counsel was told by TBG's counsel that TBG needed additional time on matters that might impact settlement.

- October 12th – TBG's counsel indicated to Trustee's counsel that TBG was done with settlement discussions for the time being.

9. Following breakdown of settlement discussions, the Trustee sought to retain counsel to proceed with the Adversary on a contingency-fee basis. It took some time for the Trustee to

negotiate the terms of such employment by contingency counsel. On October 28th, Trustee's counsel provided the expected new counsel's information to TBG's counsel requesting related extensions to the Discovery Requests. That request continued into November. On November 17, 2021, TBG's counsel stated that it would not extend response deadlines to accommodate new counsel.

10. On Wednesday, November 24, 2021, the day before Thanksgiving Day, TBG's counsel provided the Trustee with an additional settlement-related communication consisting of 408 pages of documents and requesting a response by noon on Friday, November 26th, the day after Thanksgiving Day.[2]

11. On November 30, 2021, Plaintiff filed its Motion to Extend Discovery Response Deadlines [Docket No. 42]. On December 14, 2021, after hearing, this Court granted Plaintiff's Motion to Extend Discovery Response Deadlines establishing the Plaintiff's response date to admissions and other written discovery as January 4, 2022.

12. On November 30, 2021, TBG filed this motion ("Motion to Deem") ) and its Motion for Summary Judgment [Docket No.44 ] .

## II. ARGUMENT AND AUTHORITIES

A. **The Standard under FRCP Rule 36**

13. TBG repeats the settled law regarding the self-executing nature of Rule 36 as well as noting the sometimes harsh result of deemed admissions. TBG does not, however, address the

---

[2] It is the Trustee's position that none of the above facts fall within the scope of Rule 408 of the Federal Rules of Evidence, as they are not offered to "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." However, to the extent that any such statement could be considered as within the scope of that rule, such use would fit into the exceptions provided in part (b), for the purpose of "negating a contention of undue delay."

standard for withdrawing admissions or begin to satisfy its burden to show prejudice under that standard:

> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b)

Worded slightly differently:

> The court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."

*In re Runnels*, Bankr. No. 06-50022; Adversary No. 06-5004, 2007 WL 4166126, at * 4 ( Bankr. E.D. Tex. November 30, 2007) (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)) Under the plain language of the rule and established law, this Court should deny the present Motion and grant Plaintiff's Motion to Withdraw Deemed Admissions.[3]

### B. TBG Seeks to Avoid Presentation of this Case on the Merits.

14. TBG's Request for Admissions goes to material and disputed facts and law. And, indeed, TBG relies on deemed admissions in its Motion for Summary Judgment filed on the same day as its Motion to Deem. Although deemed admissions may be used in summary judgment practice, courts routinely hold that deemed admissions should be withdrawn when withdrawing

---

[3] Plaintiff is separately filing a Motion to Withdraw Deemed Admissions. The arguments and authorities in responding to the Motion to Deem and in filing its Motion to Withdraw are interchangeable and may be cited in this Response as well as the Motion to Withdraw

**PLAINTIFF'S RESPONSE TO TBG FUNDING LLC'S
MOTION TO DEEM ADMISSIONS ADMITTED**

5

"the deemed admissions that are responsive to request for admissions numbers [ ] would promote the presentation of the merits in this case." *See, e.g., S.E.C. v. AmeriFirst Funding, Inc.*, Civ. Action No. 3:07-CV-1188-D. 2008 WL 2073498, at * 2 (N.D. Tex. Dallas Div. May 13, 2008) This holding is not surprising given that the rule itself requires such a result.

### C. TBG is Not Prejudiced.

15. TBG does not discuss prejudice in the Motion to Deem.  From reviewing TBG's Opposition to the Trustee's Motion to Extend Discovery Response Deadlines and Request to Compel Responses to Defendant's Discovery Requests [Docket No. 57], it appears that TBG's only claim of prejudice is delay or as TBG states: "Absent an extension of the Scheduling Order deadlines, the Trustee's requested deadline to respond to Discovery Requests leaves NO time for **any** supplemental discovery requests" [Docket No. 57, pg. 9, ¶ 46].  Notably, even TBG argued that the extension this Court granted "may" prejudice TBG [Docket No. 57, pg. 9].

16. TBG's stated prejudice falls woefully short of the standard set forth in cases from this Court and others.  First, the existing discovery deadline is April 15, 2022 and it is difficult to imagine what TBG could not get done in that time frame.  TBG could not get done in that time frame. Second, as TBG knows, TBG has requested, and Plaintiff agreed, that discovery be extended for approximately two months and has circulated an Amended Scheduling Order erasing any conceivable prejudice. . The Parties have agreed in principle to this extension of the discovery deadline pending only an agreement as to the date of the pretrial status conference currently set for June 9, 2022.

17. Moreover, courts are rather strict on the type of prejudice that would defeat a motion to withdraw deemed admissions. As this Court has stated:

> Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a

> sudden need to obtain evidence upon withdrawal or amendment of an admission."
>
> …
>
> The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient prejudice.
>
> …
>
> Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.

*Runnels* at *4 (citations omitted) (granting a motion to withdraw deemed admissions filed eight months after the original due date.)

### III. CONCLUSION

18.     Again, TBG holds fast to its efforts to deem admissions and circumvent a determination on the merits. Under the plain language of the rule and established law, this Court should deny the Motion to Deem and grant Plaintiff's separately filed Motion to Withdraw Deemed Admissions.

Dated: December 21, 2021             By: */s/ David B. Miller*
                                     David B. Miller
                                     Texas Bar No. 00788057
                                     david@schneidlaw.com
                                     SCHNEIDER MILLER REYNOLDS, P.C.
                                     300 N. Coit Road, Suite 1125
                                     Richardson, Texas  75080
                                     (972) 479-1112 Telephone
                                     (972) 479-1113 Telecopy

                                     -and-

       */s/ Judith W. Ross*
Judith W. Ross, State Bar No. 21010670
Eric Soderlund, State Bar No. 24037525
Jessica L. Voyce Lewis, State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
       eric.soderlund@judithwross.com
       jessica.lewis@judithwross.com

**COUNSEL TO DAVID WALLACE, LIQUIDATION TRUSTEE**

### CERTIFICATE OF SERVICE

    I certify that on the December 21, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas, which includes the following parties:

| | |
|---|---|
| Jack Nicholas Fuerst, Esq. | Roland Gary Jones, Esq. |
| Texas Bar No. 07499500 | New York Bar No. RGJ-6902 |
| JACK N. FUERST & ASSOCIATES, P.C. | JONES & ASSOCIATES |
| 2500 Tanglewilde St., Suite 320 | 1325 Avenue of the Americas 28th Floor |
| Houston, Texas 77063 | New York, NY 10019 |
| Tel: (713) 299-8221 Fax: (713) 789-2606 | Tel. (347) 862-9254 Fax (212) 202-4416 |
| Email: jfuerst@sbcglobal.net | Email: rgj@rolandjones.com |

       */s/ David B. Miller*
       David B. Miller